UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 2 6 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Marcus L. Williams, )
  )
  Plaintiff, )
  )
v. ) Civil Action No. 13-968
  )
  )
Hon. Michael B. Donley *et al.*, )
  )
  Defendants. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on its initial review of plaintiff's "Complaint Under the Privacy Act of 1974 and Declaratory Judgment Act and for Injunctive Relief," accompanied by an application to proceed *in forma pauperis*. The prolix complaint is difficult to follow, but plaintiff once again seeks equitable relief against the Air Force with regard to his separation date, court-martial, and dishonorable discharge. *See* Compl. at 12 (Prayer for Relief); *cf. Williams v. Dep't of the Air Force*, No. 10-1448 (UNA), 2010 WL 3417853 (D.D.C. Aug. 26, 2010), *aff'd*, 409 Fed. Appx. 357 (D.C. Cir. Feb. 18, 2011) (dismissing case as precluded by *Williams v. United States*, 71 Fed. Cl. 194 (2006)). In addition, plaintiff challenges the alleged denial of his Privacy Act request dated March 18, 2013, to access certain documents. Compl. at 10 (Third Cause of Action). For the following reasons, the Court will grant plaintiff's motion to proceed *in forma pauperis*, dismiss plaintiff's previously adjudicated claims for declaratory judgment (First and Second Causes of Action), and direct the Clerk to assign the surviving Privacy Act access claim to a district judge for further proceedings.

1

In the instant complaint, plaintiff states: "Most important to this case is the Master Military Pay Account . . . entry line reporting (1) the Actual Date of Separation on 3 May 2002, pursuant to a Court-Martial Order, and (2) notwithstanding a Certificate of Discharge or Release from Active Duty . . . issued on 1 October 2004 . . . ." Compl. ¶ 4. But the correctness of plaintiff's separation date and its effect on plaintiff's court-martial was previously adjudicated. In one of plaintiff's cases, the Court of Federal Claims recounted that "[o]n April 25, 2006, the court rejected Mr. Williams' request to have his date of separation modified . . . . On September 12, 2006, Mr. Williams filed a motion under RCFC 60(b) for relief from the court's decision and judgment, claiming that a postjudgment change in his discharge certificate constituted newly discovered evidence justifying relief. On September 29, 2006, the court denied that motion." *Williams v. U.S.*, No. 05-1123C, 2011 WL 2268966 at *1 (Fed. Cl. June 8, 2011). That court considered plaintiff's "third-request for post judgment relief in what ostensibly was a military pay case" and specifically rejected plaintiff's arguments that (1) a revision to his Certification of Release or Discharge from Active Duty "retroactively nullified his original discharge papers . . . ," and (2) the revision affected the court's jurisdiction to reject plaintiff's "request to have his date of separation modified such that he would be deemed to have been separated from the Air Force prior to his conviction for assault with a deadly weapon, forgery, and assorted other crimes." *Id.* at *1-2.

When, as here, the same issue has been previously litigated and adjudicated, it is barred from further consideration under the doctrine of collateral estoppel. *See Ashe v. Swenson*, 397 U.S. 436, 443 44 (1970) (collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."); *accord Yamaha Corporation of America v.*

2

*U.S.*, 961 F.2d 245, 254 (D.C. Cir. 1992). Although collateral estoppel is an affirmative defense, "courts may dismiss sua sponte when they are on notice that a claim [or issue] has been previously decided because of the policy interest in avoiding 'unnecessary judicial waste.'" *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C.2007) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)); *see accord Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (courts "may raise the res judicata preclusion defense *sua sponte*") (citing *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)) (other citation omitted); *see also Fenwick v. U.S.*, 691 F. Supp. 2d 108, 116 (D.D.C. 2010) (observing that the doctrines of res judicata and collateral estoppel "are so integral to the administration of the courts that a court may invoke [them] sua sponte.") (citations and internal quotation marks omitted) (alteration in original).

In the complaint's Third Cause of Action captioned "Privacy Act of 1974 Violation Denial of Access to Source Documents Relating to Plaintiff," plaintiff alleges that by letter of March 18, 2013, he requested access to "all source documents pertaining to his Final Accounting of Pay process," and concludes that he "has a legal right under the Privacy Act . . . to obtain [the] documents and "there is no legal basis for denial of said right." Compl. at 10. This claim is not foreclosed. Accordingly, it is

ORDERED that plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED; it is further

ORDERED that plaintiff's First Cause of Action for Declaratory Judgment and his Second Cause of Action for Declaratory Judgment are DISMISSED; it is further

ORDERED that the Clerk shall open this action as brought under the Privacy Act, 5 U.S.C. § 552a, and randomly assign it to a district judge for further proceedings.

_____
United States District Judge

Date: June 13th, 2013